[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2012
JOHN LEY
CLERK

_____

No. 09-13247

_____

D. C. Docket No. 07-22988-CV-RWG

BUCKLEY TOWERS CONDOMINIUM, INC.,

Plaintiff-Appellee-
Cross-Appellant,

versus

QBE INSURANCE CORPORATION,

Defendant-Appellant-
Cross-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2012)

Before BARKETT and MARCUS, Circuit Judges and HOOD,* District Judge.

_____

\* Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

PER CURIAM:

Appellee/cross-appellant Buckley Towers Condominium, Inc. ("Buckley Towers"), the owner of a pair of condominium buildings in Miami-Dade County, Florida, purchased hurricane insurance from appellant/cross-appellee QBE Insurance Corp. ("QBE"), but when Hurricane Wilma struck South Florida in October 2005, QBE did not pay. Buckley Towers sued and, after trial in federal district court, a jury awarded it nearly $20 million in damages. In a previous opinion in this case, we resolved the issues raised by QBE, but noted that we were reserving our judgment on the two issues raised by Buckley Towers on cross-appeal because another panel of our Court had already certified both of these questions to the Florida Supreme Court in Chalfonte Condominium Apartment Ass'n, Inc. v. QBE Ins. Corp., 561 F.3d 1267, 1274-75 (11th Cir. 2009). See Buckley Towers Condominium, Inc. v. QBE Ins. Corp., 395 F. App'x 659 n.3 (11th Cir. 2010). These two questions involved: (1) whether Florida law recognizes a claim for breach of the implied warranty of good faith and fair dealing; and (2) whether an insured may bring a claim against an insurer for failure to comply with the language and type-size requirements established by Fla. Stat. § 627.701(4)(a).

The Florida Supreme Court has now answered these two questions in the negative. See QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n Inc., 94 So. 3d 541 (Fla. 2012). Thus, we conclude that the district court did not err in dismissing Buckley Towers' claim that QBE breached an implied warranty of good faith and fair dealing, nor did it err in dismissing the part of Buckley Towers' declaratory judgment claim pertaining to QBE's violation of Fla. Stat. § 627.701(4)(a). Accordingly, we affirm the district court's determinations raised on cross-appeal.

**AFFIRMED.**